# Exhibit C

Osler, Hoskin & Harcourt LLP
1000 De La Gauchetière Street West
Suite 1100
Montréal, Québec, Canada  H3B 4W5
514.904.8100   MAIN
514.904.8101   FACSIMILE



Montréal
Toronto
Calgary
Ottawa
Vancouver
New York

December 23, 2024

Éric Préfontaine
Direct Dial: 514.904.5282
eprefontaine@osler.com

**SENT BY EMAIL (RCarroll@goodwinlaw.com)**

**Robert D. Carroll**
Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210

Dear sir,

**Re:   Response to your demand letter dated December 19, 2024 (OpenEvidence v. Pathway)**

We are counsel to Pathway Medical Inc. ("Pathway") and are writing in response to your letter dated December 19, 2024, addressed to Jonathan Hershon, alleging misappropriation of protected and proprietary information of Xyla Inc., d/b/a OpenEvidence ("OpenEvidence") and other unauthorized cyber activities (the "Demand Letter").

Pathway takes the allegations set forth in your Demand Letter seriously and in that regard, has thoroughly reviewed the claims and verified the facts alleged. Further to that process, Pathway categorically denies the serious and unfounded claims of cyberattacks and wrongful conduct.

Pathway acknowledges that members of its team accessed OpenEvidence's platform. However, the content accessed is not restricted to authorized users and is currently publicly available without requiring any login at www.openevidence.com. Pathway team members used their real names and acted transparently and in good faith for the legitimate purpose of benchmarking.

We note with concern that OpenEvidence employees, including but not limited to OpenEvidence co-founder and CTO Zachary Ziegler, Eric Lehman (Head of NLP), Jagath Jai, and Micah Smith, have accessed Pathway's platform on multiple occasions. In certain instances, the OpenEvidence team used placeholder or non-valid National Provider Identifiers (NPIs) to access Pathway's functionality. This reflects a shared industry practice of evaluating competitive offerings and underscores the routine nature of such activities when conducted transparently.

To reiterate: all access to OpenEvidence's platform was conducted transparently for the purposes of benchmarking, using the real names of Pathway personnel, and was limited to resources that are publicly available at www.openevidence.com. In no event did Pathway obtain any proprietary information, trade secrets, or engage in actions that could be

construed as a "cyberattack." The claims of "hundreds of cyberattacks" are unsupported by evidence and entirely inconsistent with Pathway's lawful and good-faith actions.

To de-escalate this matter in good faith, Pathway has voluntarily paused access to OpenEvidence's platform and requests that OpenEvidence confirm by December 27, 2024, that it will similarly refrain from accessing Pathway's resources. This voluntary pause does not constitute any admission of wrongdoing, as Pathway's actions were lawful, transparent, and consistent with standard industry practices.

If OpenEvidence continues to assert its claims, we request that it provide, by no later than December 27, 2024, both:

1.   Specific examples, supported by detailed logs, technical reports, or other documentation, demonstrating instances where Pathway is alleged to have obtained confidential or proprietary information or engaged in activity deemed to constitute a cyberattack;

2.   Clear and specific explanations of any economic or competitive harm allegedly attributable to Pathway's interactions with OpenEvidence's platform.

Pathway remains open to resolving this matter amicably. However, should OpenEvidence persist with its baseless allegations, Pathway will defend its position vigorously and reserves the right to pursue all available remedies, including claims for defamation, tortious interference, and abuse of process.

Best regards,

Osler, Hoskin & Harcourt LLP

Éric Préfontaine, partnerÉP:ar

*Pathway Medical Inc.*