# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

OPENEVIDENCE INC.,

               Plaintiff,

    v.

PATHWAY MEDICAL, INC., LOUIS
MULLIE, JONATHAN HERSHON ST-
JEAN, HOVHANNES KARAPETYAN,
ERIC YAMGA, KHUDHUR MOHAMMED,
and VINCE ROY,

               Defendants.

Case No. 1:25-cv-10471

## PROPOSED CASE MANAGEMENT PLAN AND

## REPORT OF RULE 26(F) CONFERENCE

Pursuant to Federal Rule of Civil Procedure 26(f), Plaintiff and Defendants (collectively referred to as "the Parties") hereby jointly submit this Proposed Discovery Plan. On September 10, 2025, the Parties convened a telephone conference pursuant to Federal Rule of Civil Procedure 26(f). Based on the information and topics addressed during the telephone conference, the Parties respectfully submit the following joint discovery plan:

1. **Introduction**

    a. **Parties' Joint Statement**

Plaintiff OpenEvidence filed its original Complaint on February 26, 2025 (Dkt. 1) and its First Amended Complaint on August 15, 2025 (Dkt. 61). OpenEvidence operates an AI-powered medical information platform that provides healthcare professionals with synthesized medical research and evidence for clinical decision-making. Defendants include Pathway Medical, Inc.,

Chief Executive Officer Jonathan Hershon St-Jean, Chief Medical Officer Louis Mullie, Chief

Technology Officer Vince Roy, Clinical Content Lead Hovhannes Karapetyan, Founding Designer

and Engineer Khudhur Mohammed, and former Pathway contractor Eric Yamga.

OpenEvidence asserts claims for Misappropriation of Trade Secrets under the Defend

Trade Secrets Act (Count I), Violation of the Computer Fraud and Abuse Act (Count II), Breach

of Contract (Count III), Unjust Enrichment (Count IV), Trespass to Chattels (Count V), Unfair

Competition under Mass. G.L. ch. 93A (Count VI), and Common Law Unfair Competition (Count

VII). Defendants, with the exception of Eric Yamga (who has not been served and whose counsel

has not appeared), anticipate filing a Motion to Dismiss the First Amended Complaint. The Parties

have agreed to proceed with discovery in parallel.

## 2.    Discovery Plan (Rule 26(f)(3)(A))

The Parties will make their disclosures under Rule 26(a) on or before **September 26, 2025.**

## 3.    Rule 26(f)(3)(B)

### a.    Subjects of Discovery:

The Parties agree to exchange discovery regarding any nonprivileged matter that is relevant

to any party's claim or defense and proportional to the needs of the case.

In particular, at this preliminary stage, Plaintiff anticipates discovery on the following

subjects:

1. Defendants' coordinated cyberattacks and theft of trade secrets;

2. Defendants' sophisticated hacking tools and concealment methods;

3. C-suite orchestration and company-wide conspiracy;

4. Use of stolen secrets in competing products;

5. Complete forensic trail of digital theft;

6. Defendants' consciousness of guilt and cover-up;

7. Pathway's acquisition by Doximity, Inc.

While Defendants object to Plaintiff's characterizations of Defendants' purported actions underlying the expected discovery, at this preliminary stage, Defendants anticipate discovery on the following subjects:

1. Identification of Plaintiff's alleged "trade secrets" or proprietary/confidential information;

2. Iterations of the Parties' system prompts over the relevant time period;

3. Iterations of the Parties' terms of use and account creation process flows over the relevant time period;

4. Identification of account names and profile information for party employees using the other party's artificial intelligence platform(s);

5. Records reflecting the other Parties' assent to the terms of use;

6. Access-control measures, including NPI/credential validation logic and any anti-automation or bot safeguards;

7. Prompt/output conversation transcripts for party employees using the other party's artificial intelligence platform(s);

8. Relevant communications and documents in each party's possession, custody, or control referring or relating to the other party;

9. Security testing and competitive benchmarking by Plaintiff;

10. Plaintiff's alleged "damage" or "loss" caused by Defendant's conduct;

11. The location of relevant conduct, personnel, infrastructure, accounts, customers, and documents.

###### b.    Completion of Discovery

As reflected in the Parties' joint proposed Scheduling Order attached hereto as **Appendix A**, the parties propose that fact discovery be completed by **June 1, 2026**.

###### c.    Discovery Phase or Limitations

The Parties agree that discovery need not be conducted in phases. Pursuant to Federal Rule of Civil Procedure 26, the Parties intend to limit discovery to any issue that is relevant to a party's claim or defense and proportional to the needs of the case.

##### 4.    Electronically Stored Information (Rule 26(f)(3)(C))

The Parties anticipate that discovery will involve substantial production of electronically stored information ("ESI") and the Parties will enter and submit an ESI Protocol to this Court. The Parties' attorneys have discussed the need to preserve ESI related to this case and have confirmed that litigation holds were provided to their clients. The parties hereby consent to service via email under Fed. R. Civ. P. 5(b)(2)(E).

##### 5.    Privilege and Other Protections (Rule 26(f)(3)(D))

The Parties have not reached any agreements related to claims of privilege; nor have they reached any agreements related to the protection of materials as "trial-preparation materials," and intend to be bound by the federal rules applicable to these subjects.

The Parties recognize that in the course of litigation they may inadvertently disclose content that is privileged or otherwise protected from disclosure, such as attorney work product. To minimize the risk of waiving applicable privileges and protections and to establish a party's

obligations upon the receipt of another party's privileged or protected content, the parties will jointly request that the court sign and enter a proposed Federal Rule of Evidence 502(d) order and will submit a proposed order to the Court.

**6.      Changes to Limitations on Discovery (Rule 26(f)(3)(E))**

The Parties request an increase in the Requests for Admission limitation to **fifty requests**. The Parties agree to consider potential modifications later, if needed.

**7.      Other Orders (Rule 26(f)(3)(F))**

The Parties believe a protective order will be required under Rule 26(c). The Parties anticipate submitting a Stipulated Protective Order.

**8.      Alternative Dispute Resolution (L.R. 16.1(d)(3)(A))**

The Parties do not believe that Alternative Dispute Resolution would be productive at this time.

**9.      Trial By Magistrate Judge (L.R. 16.1(b)(3))**

The Parties do not consent to trial by magistrate judge.

Dated: September 24, 2025

Respectfully submitted,

*/s/ Stephen A. Broome*
Stacylyn M. Doore (BBO# 678449)
Ryan P. Gorman (BBO# 707239)
Vanessa Rodriguez (BBO# 713607)
Zi Chun Wang (BBO# 709803)
stacylyndoore@quinnemanuel.com
ryangorman@quinnemanuel.com
vanessarodriguez@quinnemanuel.com
michellewang@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
111 Huntington Ave, Suite 520
Boston, MA 02199
(617) 712-7100

Stephen Broome (*admitted pro hac vice*)
stephenbroome@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
(213) 443-3000

Nathan Hamstra (*admitted pro hac vice*)
nathanhamstra@quinnemanuel.com
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
191 N. Wacker Drive, Suite 2700
Chicago, Illinois 60606
(312) 705-7400

*Attorneys for OpenEvidence, Inc.*

*/s/ Carolyn M. Homer*
MORRISON & FOERSTER LLP
DANIEL P. MUINO (*pro hac vice*)
CAROLYN M. HOMER (*pro hac vice*)
DAVID NATHANIEL TAN (*pro hac vice*)
2100 L St., NW, Suite 900
Washington, D.C. 20037
Telephone:  (202) 887-1500
Facsimile:  (202) 637-2201

6

Email: dmuino@mofo.com

MORRISON & FOERSTER LLP
MICHAEL A. FINE (BBO No. 713088)
200 Clarendon Street, Floor 21
Boston, MA 02116
Telephone: (617) 648-4795
   Email: MFine@mofo.com

KAUFMAN BORGEEST & RYAN LLP
LISA FLEISCHMANN, ESQ.
BETSY D. BAYDALA, ESQ. (*pro hac vice*)
HENRY B. TILSON, ESQ. (BBO 682207)
   200 Summit Lake Drive, 1st Floor
   Valhalla, New York 10595
   Telephone: (914) 449-1000
   Facsimile: (914) 449-1100
   Email: lfleischmann@kbrlaw.com

*Attorneys for Defendant*
*Pathway Medical, Inc.*